IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| QUANTRELL PATRICK,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-894-O |
| | § | |
| JAD AUTOS,<br>    Defendant. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING LACK OF SUBJECT MATTER JURISDICTION

This case is before the Court for review of *pro*-se plaintiff Quantrell Patrick ("Patrick")'s case under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). Patrick, an inmate currently housed in the Hutchins State Jail in Dallas, Texas, initiated this suit on November 4, 2013 with the filing of a form civil-right complaint pursuant to 42 U.S.C. § 1983. On November 15, 2013, Patrick also filed an application to proceed in forma pauperis under 42 U.S.C. § 1915. In his complaint, Patrick names as defendant Jad Autos, which is apparently a car dealership located in Arlington, Texas. In his complaint, Patrick states the following:

> My roommate was arrested, [and] she asked me to take care of her car for her. About ten day[s] later I was at my sons mothers [sic] house[.] I seen [sic] people by the car. When my son[']s mom asked them what they were doing, they said that my roommate told them I had the car and they knew my things were in the car an once I gave them the keys I could get my stuff out of the car [sic]. After I gave them the keys[,] they drove off in the car. So I followed them to the lot. Once I was parked[,] I saw the car lot manger [sic] allow someone else to take my belongings and leave.

(Plaintiff's Complaint ("Pl.'s Compl.") at 4.) Patrick seeks to have the items that he lost either replaced or reimbursed the value of the cost of the items. *Id.*

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed. *See* 28 U.S.C § 1915(e)(2)(B); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990) (discussing authority to dismiss at any time under prior § 1915(d)). A district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995). Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory." *Id.* (citing *Neitzke v. Williams*, 490 U.S. at 327). After review and consideration of Patrick's claims in this suit, the Court recommends that they be dismissed under the authority of 28 U.S.C. §§ 1915(e)(2)(B) for the reasons set forth below.

To assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (citing cases); *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. and Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993). Patrick has failed to satisfy the first element as he had not alleged that Defendant Jad Autos violated a constitutional or federal right, and the listed factual allegations do not state such a claim. In addition, Patrick has failed to satisfy the second element as he has not alleged facts to show that

---

[1]Title 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A) and (B).

Jad Autos acted under color of law with regard to the events made the basis of this suit.[6] Thus, the Court recommends that Patrick's claims asserted through 42 U.S.C. § 1983 be dismissed under 28 U.S.C. §§ 1915(e)(2)(B).

In addition to failing to satisfy the elements to pursue a claim under 42 U.S.C. § 1983, the Court notes that Patrick has otherwise failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter of this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are present under 28 U.S.C. § 1332 or if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Because Patrick has not alleged any claim for relief under the Constitution or laws of the United States, he has not invoked the Court's federal-question jurisdiction.

Also, to properly invoke diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendants are citizens of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawberry v. Curtiss*, 7 U.S. 267 (1806)). A corporation is deemed to be a citizen of the "State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). The principal place of business is a corporation's "nerve center," or the place where a corporations' officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). In this case, Patrick

---

[6]*See Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (noting that under any of the many tests employed to decide whether a private actor's conduct can be fairly attributable to the State is a "necessarily fact-bound inquiry . . . .") (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982)).

listed a Dallas, Texas address for himself, and an Arlington, Texas, address for Jad Autos. Patrick has not asserted any facts to support jurisdiction on the basis of diversity of citizenship between him and the Defendant.

Based on the foregoing, the Court recommends that all claims under 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** under authority of 28 U.S.C. §§ 1915(e)(2)(B). In addition, the Court recommends that all claims be **DISMISSED WITH PREJUDICE** for lack of subject-matter jurisdiction to the right to refile in federal court.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 17, 2013**, to serve and file written objections to the United States Magistrate Judge's

4

proposed findings, conclusions and recommendation.  It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 3, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv