IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| QUANTRELL PATRICK, § | |
| (TDCJ #01868235) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:13-CV-894-O |
| § | |
| JAD AUTOS § | |

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION, and
ORDER OF DISMISSAL

This civil action was initiated by the filing of a civil complaint by Texas Department of Criminal Justice--Hutchins State jail inmate Quantrell Patrick. On December 3, 2013, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff's claims be dismissed, in part, under the authority of 28 U.S.C. § 1915(e)(2)(B), and in part, for lack of jurisdiction. Quantrell Patrick has filed a handwritten document construed as written objections. The Court has thus made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 3, 2013; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 17, 2013.[1]

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled, and the case dismissed.

Plaintiff Patrick does not actually recite a violation of federal or constitutional law, but he filed his suit on a form complaint to seek relief under 42 U.S.C. § 1983. In order to assert a claim

---

[1] Although the document filed by plaintiff Quantrell Patrick on that date (ECF No.8) is untitled, as it includes arguments responsive to the magistrate judge's report, the Court has construed it as written objections.

for relief under the statute providing redress against for violation of a federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[2] Patrick has failed to satisfy these elements. Patrick has not alleged that defendant Jad Autos violated a constitutional or federal right. Also, Patrick has failed to allege facts to show that the defendant acted under color of law with regard to the events made the basis of this suit. Thus, any claims asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

The magistrate judge also noted that as to any other claims, Patrick failed to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332, noting the $75,000 amount-in-controversy requirement, and the requirement that he be a citizen of one state while the defendants are citizens of another.[3] Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants.[4] As noted, Plaintiff listed a Dallas, Texas address for himself, and an Arlington, Texas address for Jad Autos. Although Patrick has listed in his written objections that the value of the property allegedly lost was in excess of $75,000, even if that were true, Patrick has not contested the magistrate judge's finding that the parties are within the same state. Thus, Patrick has not asserted sufficient facts to support jurisdiction on the basis of diversity of citizenship between him and the defendant. Thus, any other claims asserted by Patrick must be dismissed for lack of subject matter jurisdiction.[5]

---

[2] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[3] *See* 28 U.S.C. § 1332(a)(1)(West 2006).

[4] *See Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992)(citing *Strawberry v. Curtiss,* 7 U.S. 267 (1806)).

[5] *See* Fed R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Further, all claims which could be asserted under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii); all other claims are DISMISSED for lack of subject-matter jurisdiction with prejudice to the right to refile in federal court.

Signed this 20th day of December, 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**